# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**WILVER ARCHILLA,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　**Case No.  6:08-cv-1089-Orl-19DAB**

**J & D WELDING, INC.,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AS STIPULATED FINAL JUDGMENT** (Doc. No. 24) |
| **FILED:** | **October 22, 2008** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

      The matter has been referred by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.  *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982).  If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations.  "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may

enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354.  In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Based on the Plaintiff's responses to the Court's Interrogatories (Doc. No. 16), Plaintiff was employed by Defendant as a welder from October 30, 2006 to January 2008; he was paid straight time for overtime hours worked instead of time and a half.  Plaintiff sought $1,900 for 200 hours per week of overtime, plus an equal amount in liquidated damages.  Doc. No. 24.  The settlement to Plaintiff of $2,000 in unpaid wages and liquidated damages represents all of the $1,900 principal amount Plaintiff sought. Doc. No. 24.

The parties have agreed that Defendant will pay Plaintiff's attorneys $3,500 in attorney's fees and costs. Doc. No. 24.  Plaintiff's counsel litigated the case on behalf of Plaintiff from July to October 2008.  Counsel states that he expended in excess of 11 hours in the case in accruing a $3,100 fee for an hourly rate of approximately $280; a typical hourly rate charged in other FLSA cases is $300.  Counsel states costs were $400, which is typical for the filing fee and service of process

charges. The amount of time devoted and the hourly rates are not unreasonable under the circumstances of this case.

Settlement in the amount of **$2,000** to Plaintiff for unpaid wages and liquidated damages, and **$3,500** for attorney's fees and costs is a fair and reasonable settlement.  It is **RECOMMENDED** that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 23, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy